UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DUANE BOWDEN,

        Petitioner,

v.                                  Case No. 1:07-CV-15034
                                  Honorable Thomas L. Ludington

THOMAS BELL,

        Respondent.

_____/


**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT, DISMISSING THE HABEAS PETITION, DECLINING TO GRANT A
CERTIFICATE OF APPEALABILITY, AND DECLINING TO GRANT LEAVE TO
PROCEED ON APPEAL *IN FORMA PAUPERIS***

      Petitioner Duane Bowden, presently confined at Saginaw Correctional Facility in Freeland,

Michigan, has filed a pro se application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was convicted in a Wayne County Circuit Court jury trial of first-degree murder, Mich.

Comp. Laws § 750.316.  He was sentenced to life imprisonment.  Petitioner makes the following

habeas claims: (1) denial of the right to present a defense;  (2) ineffective assistance of appellate

counsel due to his failure to raise the issue of ineffective assistance of trial counsel on direct appeal;

(3) entitlement to pre-AEDPA[1] standard of review; and (4) cumulative error.  Respondent has filed

a motion for summary judgment, asserting that petitioner's claims are barred from substantive

review by the statute of limitations.  The Court concludes that the petition was not timely filed and

therefore will grant respondent's motion for summary judgment and will deny the petition for a writ

---

[1] Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat.
1214.

of habeas corpus.

I.

Petitioner was convicted of first-degree murder on January 5, 1984 in Wayne County, Michigan in connection with the beating death of Walter Williams on September 11, 1983, and received a life sentence. On January 28, 1986, petitioner's conviction was affirmed by the Michigan Court of Appeals. *People v. Bowden,* No: 76370 (Mich. Ct. App. Jan. 28, 1986). Petitioner did not appeal to the Michigan Supreme Court. Petitioner asserts in a trial court pleading that he filed a motion for relief from judgment on August 29, 1990, but the Wayne County Circuit Court Register of Actions (the trial court's docket sheet) does not indicate such a filing. Moreover, the Rule 5 materials do not contain a copy of a 1990 post-judgment motion or judgment[2].

The docket sheet does, however, show that petitioner filed a motion for relief from judgment on March 27, 2006. The motion was denied on November 27, 2006. Petitioner filed a motion for reconsideration, which was also denied on December 20, 2006. Petitioner filed a delayed application for leave to appeal on March 7, 2007. His application was denied on July 17, 2007. *People v. Bowden*, No: 276811 (Mich. Ct. App. July 17, 2007). Petitioner attempted to file an application for leave to appeal with the Michigan Supreme Court, but his application was rejected because it was not timely.[3] On November 21, 2007, petitioner signed and dated the habeas petition

---

[2]The record shows that petitioner filed another application for leave to appeal on October 5, 1988 with the Michigan Court of Appeals for the purpose of adding a new claim. *People v. Bowden*, No: 112088 (Mich. Ct. App. Oct. 13, 1988). However, on October 13, 1988, petitioner submitted a request to have his application withdrawn so that he could pursue the issue in the trial court.

[3]Petitioner's application was due fifty-six days following the Michigan Court of Appeals' July 17, 2007 opinion. See MCR 7.302(C)(4) .

-2-

presently before the Court.[4]

## II.

Respondent contends that this petition should be dismissed as untimely.  The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas-corpus petitions.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, Petitioner was convicted and sentenced ten years before the AEDPA was enacted. Where a newly enacted statute of limitations shortens the time for filing suit, a party against whom the limitations period has already run must be provided a reasonable time to file suit.  *See Ochoa v. Hernandez*, 230 U.S. 139, 161–62 (1912).  The Sixth Circuit has held that it is reasonable to allow such a litigant the benefit of a one-year grace period.  *Brown v. O'Dea*, 187 F.3d 572, 576 (6th Cir.

---

[4]Petitioner's habeas petition was received by the Court on November 27, 2007.

1999), *overruled on other grounds* 530 U.S. 1257 (2000). Against that backdrop, Petitioner's habeas claims became subject to the AEDPA on April 24, 1996, when the Act was signed into law. Therefore, Petitioner had one year from April 24, 1996, or until April 24, 1997, to file his habeas petition. Since Petitioner did not file his habeas petition until November 21, 2007, the petition is barred by the statute of limitations absent statutory or equitable tolling.

A

"[T]he one-year limitation period is tolled for the 'time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending,' " but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired. *Ege v. Yukins*, 485 F.3d 364, 371–72 (6th Cir. 2007) (quoting 28 U.S.C. § 2244(d)(2)); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period); see also *Hargrove v. Brigano,* 300 F.3d 717, 718, n.1 (6th Cir. 2002). Such a post-judgment filing can only serve to pause a clock that has not yet fully run. *Benoit v. Bock,* 237 F. Supp. 2d 804, 807 (E.D. Mich. 2003). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. Therefore, the issue is whether petitioner filed his motion for relief from judgment before the statutory period expired, thus tolling the statute of limitations and requiring this court to find his habeas petition timely. The record shows that petitioner filed his post-conviction motion for relief from judgment on March 27, 2006. Since the limitations period expired on April 24, 1997, the post-conviction motion had no affect on the statutory time frame; and the habeas petition is therefore time-barred. *Hargrove,* 300 F.3d at 718 n.1.

-4-

Even if the Court accepted petitioner's assertion that he filed his first motion for relief from judgment on August 29, 1990, the fact remains that it was not only filed four years after the conclusion of direct appellate review, but also, no further action was taken by petitioner with respect to the post-judgment motion. Nearly 16 years passed before petitioner filed another motion for relief from judgment on March 27, 2006. Therefore, the filing of petitioner's post-conviction motion does not preserve his habeas claim.

### B

In his responsive brief, it appears that Petitioner concedes that his habeas petition is not timely, but he nevertheless argues that equitable tolling should apply to his case. The Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008–09 (6th Cir. 2001), the Sixth Circuit applied the five-factor test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988) to determine whether equitable tolling of the habeas limitations period was appropriate. The *Dunlap* court considered: (1) whether the petitioner lacked notice of the filing requirement; (2) whether the petitioner lacked constructive knowledge of the filing requirement; (3) whether the petitioner was diligent in pursuing his rights; (4) whether delay prejudiced the respondent; and (5) whether the petitioner was reasonable in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th

Cir. 2000)).  Equitable tolling, however, "should only be granted sparingly."  *Dunlap*, 250 F.3d at 1008.  The decision of whether to equitably toll a period of limitations is decided on a case-by-case basis.  *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Petitioner argues that even if his petition for a writ of habeas corpus was not timely, he should be entitled to equitable tolling because of his actual innocence.  The Sixth Circuit has recently held that a credible claim of actual innocence may toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).  As the *Souter* Court explained, a petitioner, in order to support a claim of actual innocence in a collateral proceeding, "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt . . . ."  *Souter*, 395 F.3d at 602; *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S.298, 327–28 (1995)).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623.

Petitioner has made no such showing of his actual innocence.  The extent of his actual innocence argument is: "[i]n this case, the Petitioner has submitted objective evidence that undermines his conviction. Accordingly, he has met his burden."  Answer to Mot., pg. 3.  Besides this conclusory statement, petitioner has not presented any new evidence that would raise sufficient doubt about his guilt or that would undermine confidence in the result of his trial.  Petitioner does not even raise the issue of actual innocence in his habeas petition.  Petitioner requested the

-6-

opportunity to amend his habeas petition by filing a motion [Dkt. #7] on July 2, 2008. An order was entered by the Court granting his motion [Dkt. # 9] on September 12, 2008. Petitioner then filed a motion requesting an extension of time in which to file his amended petition [Dkt. #10] on September 29, 2008. The Court entered an order granting petitioner an extension of time [Dkt. #11] on October 22, 2008. Petitioner never filed an amended habeas petition with the Court. The Court therefore finds that equitable tolling is not warranted. The petition for writ of habeas corpus was not timely filed and is therefore dismissed.

III

A petitioner must receive a certificate of appealability ("COA") in order to appeal the dismissal of a habeas petition. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). Based on the Court's familiarity with the record and the relevant law, the Court will deny a COA at this time. *See Castro*, 310 F.3d at 901 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,' " the district judge is, at that point, often best able to determine whether to issue the COA (quoting *Lyons*, 105 F.3d at 1072)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved

in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893) (internal quotation marks omitted). In this case, the Court concludes that reasonable jurists would not debate that a plain procedural bar is present requiring the dismissal of the petition, and no COA is therefore warranted.

IV

Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). The standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. *Id.* at 764–65; *see also* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.

The Court concludes that petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. 24. Petitioner's habeas petition was clearly filed beyond the statutory period and neither statutory nor equitable tolling has preserved the time-barred petition.

Accordingly, it is **ORDERED** that Respondent's "Motion for Summary Judgment" [Dkt.

-8-

# 12] is **GRANTED**, and the "Petition for Writ of Habeas Corpus" [Dkt. # 1] is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability and an application for leave to appeal *in forma pauperis* are **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 15, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was
served upon each attorney or party of record herein by electronic
means or first class U.S. mail on September 15, 2009.
s/Tracy A. Jacobs
TRACY A. JACOBS

---